IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAUL ZWIER,                              :
                                         :
        Plaintiff,                       :
                                         :
    v.                                   :        Civil Action File No.
                                         :
EMORY UNIVERSITY and                     :        1:20-cv-03265-MHC-RDC
JAMES B. HUGHES, JR.,                    :
                                         :
        Defendants.                      :

_____

## RULE 26(A)(1) INITIAL DISCLOSURES

**1.    State precisely the classification of the cause of action being filed, a brief factual outline of the case, including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

This is a single-plaintiff case brought by Paul Zwier ("Zwier") against his employer, Emory University ("Emory"), and James B. Hughes, Jr. ("Hughes"), a professor at Emory's School of Law ("Law School") who served as Interim Dean of the Law School during most of the events in question. The Complaint alleges four counts: (1) alleged race discrimination in violation of 42 U.S.C. § 1981 against Emory and Hughes; (2) alleged retaliation in violation of 42 U.S.C. § 1981 against Emory and Hughes; (3) alleged breach of contract against Emory; and (4) alleged libel per se against Hughes.

Zwier is a tenured professor at the Law School and has been at the Law School since 2003.  On November 12, 2018, Defendants placed Zwier on administrative leave pending an investigation being conducted by the Emory Office of Equity and Inclusion ("OEI"), removed him from all teaching duties, and excluded Zwier from coming to the Law School facilities, including Zwier's office.  The Law School claimed this punishment was based on two incidents.

The first incident occurred on August 23, 2018 and involved a report that Zwier had use the word "n***gr" while teaching a first-year torts class involving the case of *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627 (Tex. 1967).  It was reported that Zwier had used the word instead of the word "negro" when discussing how the words could impact the underlying tort claim. On August 24, 2018, Zwier issued an apology to his first-year torts class and members of the Black Law School Student Association who chose to attend, and he issued a subsequent written apology to the Law School community at large on September 9, 2018.

In addition to the public apologies, Defendants prohibited Zwier from teaching first-year classes for two years, required his participation in bias training, and required him to agree to revise his teaching manual.  To resolve the matter, Zwier agreed to take these steps.

Then on October 31, 2018, Justin Tolston, a Black student pursuing his L.M.M. or Master of Law at the Law School, requested a meeting with Zwier in his

2

office and Zwier accepted.  Tolston had never been enrolled in Zwier's classes at the Law School.  During their October 31, 2018 meeting, Tolston accused Zwier of having a racist family upbringing and being an innate racist.  Tolston repeatedly used the word "n***er" in making his accusations throughout the meeting with Zwier. Zwier responded by relating his upbringing in a family where racism was actively combatted by his parents and further shared an anecdote that other white people in his past had accused Zwier of being a "n***er-lover" because of his publicly espoused views on racial equality.  Tolston then attempted to use Zwier's statement to blackmail him into writing an op-ed piece in the Washington Times, which Zwier refused.  Tolston had made similar threats to other faculty, including Defendant Hughes.  Zwier reported the incident to Hughes.  Tolston and another student actively spread misinformation about the incident through the Law School. Immediately following both incidents described above, Hughes issued statements to the Emory University community at large and beyond that Zwier contends mischaracterized the incidents and constituted libel *per se*.

Defendants then placed Zwier on administrative leave pending the outcome of the OEI investigation referenced above.  Zwier contends Defendants treated him far more harshly than they treated other professors under similar circumstances.  The OEI investigation concluded on December 18, 2018 and recommended only a suspension of an undetermined length. Defendants kept Zwier on administrative

3

leave through the end of the 2018-2019 school year, maintaining his exclusion from the Law School entirely.  In May 2019, after approximately six months of uncertain and indefinite leave, Zwier reached out to the Emory Faculty Hearing Committee Chair ("FHC") and complained that he was being treated differently by Emory and Hughes because of his race.  The FHC is a body of five Emory University faculty members who hear, deliberate and make recommendations regarding discipline and termination of tenured faculty.

In response to Zwier's contact with the FHC, on June 10, 2019, Defendant Hughes sent a letter to the Chair of the FHC at Emory announcing his decision to terminate Professor Zwier's tenured employment and asking the FHC to uphold that decision.  Zwier contends Hughes' actions constituted retaliation under § 1981 against Zwier.  The FHC held a full evidentiary hearing on October 4, 2019 over whether Hughes had articulated sufficient grounds to terminate Zwier's tenure. After significant delay and administrative requests that violated Zwier's contract with Emory, the FHC issued its decision on January 27, 2020 and found that Hughes and Emory failed to demonstrate adequate cause to revoke Zwier's tenure and reinstated him to teaching.  Zwier returned to teaching in August 2020.

2.   **Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

Plaintiff identifies 42 U.S.C. § 1981 and case law interpreting 42 U.S.C. § 1981, as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, as amended. Plaintiff also identifies, without limitation, *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604 (1987); *McDonald v. Santa Fe Trail Transportation Co.,* 427 U. S. 273, 285 (1976); *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, 1232–33 (11th Cir. 2016); *Ferrill 1213 v. Parker Group, Inc.,* 168 F.3d 468, 472 (11th Cir. 1999); *Richardson v. Leeds Police Dept.,* 71 F.3d 801, 805 (11th Cir. 1995); *Turnes v. AmSouth Bank, N.A.,* 36 F.3d 1057, 1060 (11th Cir. 1994); *Howard v. BP Oil Co., Inc.,* 32 F.3d 520 (11th Cir. 1994); *Lincoln v. Bd. of Regents of Univ. Sys. of Georgia*, 697 F.2d 928, 938 (11th Cir. 1983); and *Eastridge v. Rhode Island College*, 996 F. Supp. 161, 166 (D.R.I. 1998).

3.   **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See Attachment A.

4. **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

        None identified at this time.

5. **Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

        See Attachment C.

6. **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

        See Attachment D.

7. **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

        Not applicable.

8.  **Disclose the full name, address, and telephone number of all persons or legal entities that have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.**

     None.

Respectfully submitted: November 12, 2020.

/s/ M. Travis Foust
A. Lee Parks
Georgia Bar No. 563750
lparks@pcwlawfirm.com
M. Travis Foust
Georgia Bar No. 104996
tfoust@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 14th Street, N.E., 26th Floor
Atlanta, Georgia 30309
T: (404) 873-8000
F: (404) 873-8050

*Counsel for Plaintiff*

**Attachment A**

Persons with Knowledge- All persons identified are current or former employees or students of Defendant Emory University and Defendant is in possession of the most current contact information for such individuals.

| Name and Contact Details | Areas of Knowledge |
|---|---|
| James B. Hughes, Jr. | Knowledge of Plaintiff's claims and Defendants' defenses, including the decision to place Zwier on administrative leave and seek his termination. |
| Timothy Holbrook | Knowledge of Plaintiff's claims and Defendants' defenses, including the decision to place Zwier on administrative leave and seek his termination. |
| Dwight McBride | Knowledge of Plaintiff's claims and Defendants' defenses, including the decision to place Zwier on administrative leave and seek his termination. |
| Julie Seamen | Knowledge of Plaintiff's claims and Defendants' defenses, as well as her testimony provided during the FHC proceedings. |
| Kay Levine | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Claire E. Sterk | Knowledge of Plaintiff's claims and Defendants' defenses, including the decision to place Zwier on administrative leave and seek his termination. |
| Katherine Brokaw | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Nichole ElMurr | Knowledge of Plaintiff's claims and Defendants' defenses, as well as her testimony provided during the FHC proceedings. |

| Lynell Cadray | Knowledge of Plaintiff's claims and Defendants' defenses. |
|---|---|
| Susan Clark | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Karen Cooper | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Nancy Daspit | Knowledge of Plaintiff's claims and Defendants' defenses. |
| James Elliot | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Martha Feinman | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Margo Bagley | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Jennifer Romig | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Tom Arthur | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Ethan Rosenzweig | Knowledge of Plaintiff's claims and Defendants' defenses. |
| John Witte | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Kamina Pinder | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Dorothy Brown | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Hallie Ludsin | Knowledge of Plaintiff's claims and Defendants' defenses. |
| David F. Partlett | Knowledge of Plaintiff's claims and Defendants' defenses. |
| William Carney | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Paul Zwier | Knowledge of Plaintiff's claims and Defendants' defenses. |
| Sasha Volokh | Knowledge of freedom of expression practices at Emory University. |
| All members of the FHC committee who conducted the October 4, 2019 FHC hearing regarding Defendant | Knowledge of the FHC proceedings and Defendants' efforts to terminate Zwier's tenure. |

| Hughes's request to terminate Zwier's tenure | |
|---|---|
| All witnesses identified by Defendants | |

**Attachment C**
Documents and ESI

| |
|---|
| All e-mail and written communications among Defendants, as well as Defendant Emory University's faculty and administration, regarding the events giving rise to Zwier's suspension, leave, and attempted termination. |
| Emory's Office of Equity and Inclusion's investigation report involving Zwier |
| All exhibits submitted by Zwier in connection with his pre- and post-FHC hearing briefing |
| All exhibits submitted by Defendants in connection with Zwier's pre- and post-FHC hearing briefing |
| Recording from Zwier's office meeting with Ariana Peden |
| Documents related to Justin Tolston's arrest and legal practice post-graduation from Emory |
| Zwier's earnings records related to his consultant arrangements |

**Attachment D**

Plaintiff seeks compensatory and punitive damages as allowed by law which are not capped under 42 U.S.C. § 1981, as well as attorneys' fees and costs of litigation.    Plaintiff's damages include, without limitation, lost income from terminated consultancy arrangements in excess of $300,000 to date, as well as attorneys' fees and expenses incurred in pursuing the FHC hearing for Plaintiff's breach of contract claim $173,437.91.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAUL ZWIER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action File No. |
| | : | |
| EMORY UNIVERSITY and | : | 1:20-cv-03265-MHC-RDC |
| JAMES B. HUGHES, JR., | : | |
| | : | |
| Defendants. | : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2020, I filed the foregoing **PLAINTIFF'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF which will automatically send notification of same to all counsel of record, and by depositing a copy of the same in U.S. Mail with proper postage affixed thereon to the following counsel of record:

Michael W. Johnston
Rebecca Cole Moore
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
mjohnston@kslaw.com
rmoore@kslaw.com

Respectfully submitted: November 12, 2020.

*/s/ M. Travis Foust*
M. Travis Foust
Georgia Bar No. 104996
tfoust@pcwlawfirm.com