IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAUL ZWIER, | § § | |
| Plaintiff, | § § | Civil Action File No. |
| v. | § § | 1:20-cv-03265-MHC-RDC |
| EMORY UNIVERSITY and JAMES B. HUGHES, JR., | § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § § | |

**CONSENT PROTECTIVE ORDER
<u>OF CONFIDENTIALITY AND TO PROTECT PRIVILEGED MATERIALS</u>**

WHEREAS, discovery in this action will likely be directed at materials that contain proprietary trade secrets or other confidential research, development, financial, personnel, medical, and/or recruiting and admissions information, or are subject to contractual confidentiality obligations;

WHEREAS, such materials may be subject to protection under Fed. R. Civ. P. 26(c) because their disclosure would harm the producing person or entity;

WHEREAS, the parties have agreed on terms for the treatment of such materials as embodied in this Order; and

WHEREAS, the parties seek the Court's assistance in facilitating such discovery by proposing entry of this Order suitably protecting such materials consistent with law.

Pursuant to Fed. R. Civ. P. 26(c) and for good cause shown, it is hereby ORDERED that:

1.

The parties anticipate that discovery in this matter will include the production of proprietary or sensitive information or documents, including but not limited to (1) materials revealing trade secrets (as defined by Federal or Georgia law) or other confidential and/or proprietary information, including but not limited to confidential information as defined in O.C.G.A. § 13-8-51(3), information reflecting non-public technical research, , financial statements, personnel records, recruiting and admissions data and information, non-public scientific research, or information, the disclosure of which absent the protections afforded herein could create a substantial risk of serious harm that could not be avoided by less restrictive means, (2) materials subject to confidentiality obligations imposed by contract or other legal obligation restricting their disclosure, and (3) confidential medical or other personal information (collectively, "Confidential Information").

2.

Such Confidential Information is subject to protection under Fed. R. Civ. P. 26(c) because its disclosure may cause competitive injury to the producing party, cause the producing party to violate its confidentiality obligations, or result in the improper disclosure of personal information. The parties mutually recognize the need to protect such Confidential Information, as set forth herein.

3.

The Court finds that any party to this action, or nonparty from whom discovery is sought, may designate as "Confidential" any discovery material containing Confidential Information, including without limitation deposition testimony, answers to requests for admissions and interrogatories, and documents or things provided in response to requests for production or subpoenas, and may designate as "Attorneys' Eyes Only" ("AEO") any discovery material containing trade secrets (as defined by Federal or Georgia law) or other highly confidential information. Designation of material as Confidential or AEO shall constitute a representation by the designating party that such information has been reviewed by an attorney and that there is a valid and good faith basis for the designation.

4.

Material other than deposition transcripts, videotapes, and exhibits must be designated as Confidential Information by branding it with the words "Confidential – Subject to Protective Order" or "AEO" or by producing it with some other written designation that reasonably alerts a recipient that the material is "Confidential" or "AEO." Electronic data containing Confidential Information must be designated as such by marking the copy of the electronic data produced (such as a CD or DVD) with the words "Confidential – Subject to Protective Order" or "AEO" and by designating the specific portions of the electronic data or electronic files that contain Confidential Information. If such means of designation are not readily available or feasible with respect to the electronic data, the parties shall agree on alternative means to ensure that the electronic data receives Confidential or AEO treatment.

5.

During a deposition, a person or entity may indicate on the record that certain testimony is designated as "Confidential" or "AEO." In such a deposition, a person or entity designating a portion of the record as "AEO" may request the exclusion from the deposition of any non-attorneys until the conclusion of such AEO testimony. The parties agree to reasonably entertain such requests and

mutually work together to resolve any questions related to such requests without seeking guidance from the Court. The parties, however, reserve the right to object to the exclusion of parties from deposition testimony. Additionally, for thirty (30) days following a deposition, the transcript, videotape, and exhibits shall be deemed Confidential or AEO, as noted on the record. After that period, such material will remain Confidential or AEO only if a person or entity has served a written designation of those portions of the transcript, videotape, and exhibits that shall remain Confidential or AEO.

6.

A person or entity may disclose Confidential Information that is not their own only in connection with this action and only to the following "Qualified Persons":

(a) in the case of material marked "Confidential," the parties, including any employees, attorneys and agents of the parties assisting in the prosecution or defense of this action;

(b) in the case of material marked "Confidential" or "AEO," counsel of record and their employees directly involved in this matter and in-house attorneys for the parties;

(c) in the case of material marked "Confidential" or "AEO," expert witnesses or consultants, to whom disclosure is reasonably necessary, retained or specially employed by a party for this action, provided that such person first executes a Confidentiality Agreement in the form attached hereto as Exhibit A;

(d) in the case of material marked "Confidential" or "AEO," potential or actual witnesses to whom disclosure is reasonably necessary, provided that such person first executes a Confidentiality Agreement in the form attached hereto as Exhibit A. If a potential or actual witness to whom disclosure is reasonably necessary refuses to sign Exhibit A, the witness shall be permitted to see Confidential Information, but will not be permitted to retain such material;

(e) in the case of material marked "Confidential" or "AEO," the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f) in the case of material marked "Confidential" or "AEO," court reporters and videographers retained by the parties to record testimony;

(g) in the case of material marked "Confidential" or "AEO," the Court and its employees;

(h) in the case of material marked "Confidential" or "AEO," any other person to whom the producing party, in writing, authorizes disclosure; and

(i) in the case of material marked "Confidential" or "AEO," special masters or discovery referees appointed by the Court.

7.

Confidential Information shall be maintained in confidence, used solely for purposes of this action, and disclosed only as permitted and in the manner provided herein. None of the persons to whom Confidential Information is made available shall make use of such material for any purpose other than the prosecution or defense of this action (including any appeal) or disclose the contents of such material to any other person or entity, except as permitted by this Order. This Order governs the treatment of Confidential Information during discovery, pre-trial practice, and following conclusion of the case. The Court will separately consider the treatment of any Confidential Information to be used at trial in a pre-trial Order.

8.

A party wishing to disclose Confidential Information to someone who is not a Qualified Person must first seek written permission from the entity or person that produced the material. The producing entity or person shall respond to the request within two (2) business days and shall not withhold permission unreasonably. If the producing entity denies permission, the party seeking to disclose the Confidential Information may move the Court for relief pursuant to the procedures set forth in paragraph 11(c) of the Court's Guidelines for Discovery and Motions Practice ("Guidelines").

9.

The restrictions on a party's use of Confidential Information do not apply to material designated as "Confidential" that:

(a) lawfully came into that party's possession through means other than discovery in this action or production during the confidential Faculty Hearing Committee proceedings between the parties;

(b) appears in any printed publication or is otherwise publicly available, provided the Confidential Information was not made publicly available through disclosure by a party or its agent in violation of confidentiality obligations; or

(c) has been obtained from a source not under an obligation of confidentiality to the person designating that material as "Confidential."

10.

Any person or entity filing a document in this action that discloses or attaches the following categories of Confidential Information shall move to file such material under seal in accordance with Local Rule, App. H., Ex. A, Section II(J) of the United States District Court for the Northern District of Georgia, Atlanta Division:  (a) reports and related investigatory files of Emory's Office of Equity and Inclusion, (b) student records, and (c) employee personnel records for individuals other than Plaintiff (including personnel files, disciplinary proceedings, Faculty Hearing Committee proceedings, and investigatory proceedings) (collectively, "Confidential Information Subject to Seal").  The producing party shall designate all such documents as "Confidential Information -- Subject to Seal," and such documents shall be treated in all other respects as Confidential Information pursuant to this Order.  As to the filing of documents only partially containing Confidential Information Subject to Seal, the portions that contain Confidential Information Subject to Seal should, whenever feasible, be redacted so that the remainder of the document is not under seal and is available to the

public. Unless the Court orders otherwise, the Clerk shall maintain under seal all filed materials designated as Confidential Information – Subject to Seal and shall make them available only to Qualified Persons. Upon filing a document under seal, the filing party shall provide unredacted copies of the filing to counsel for all other parties.

11.

A party may object to the designation of material as Confidential or AEO by notifying the producing person or entity in writing, specifying the material at issue, and providing the grounds for the objection. Within two (2) business days of such notice or such later time as the parties may agree, the parties shall confer concerning the designation of the material. If differences remain, the party designating the disputed material as Confidential or AEO shall seek resolution by the Court within ten (10) business days of the objection pursuant to the procedures set forth in paragraph 11(c) of the Court's Guidelines. The party designating the material as Confidential or AEO shall have the burden of establishing that such material should be treated as Confidential or AEO under this Order. The material shall retain its status as Confidential or AEO until further order of the Court. A party's decision not to object to the designation of any material as Confidential or

AEO shall not constitute an agreement or admission that any document, thing, or information is in fact confidential or admissible.

12.

Nothing contained in this Order shall bar or otherwise restrict any attorney to whom it applies from communicating with any individual not authorized to view material designated as Confidential or AEO and, in the course thereof, referring to or relying upon his or her examination of such material, without relating the specific information designated as Confidential or AEO. Such communication shall be limited to the purpose of rendering advice to the attorney's client with respect to this litigation.

13.

A party who fails to designate as Confidential or AEO material containing Confidential Information may provide each receiving party with written notice of that party's intent to designate the material as Confidential or AEO. Upon receipt of such notice, the noticed material shall be treated as Confidential or AEO. Within fifteen (15) business days of providing notice, the producing party shall replace the material with copies marked "Confidential" or "AEO," and upon receipt of the replacement material, the receiving party shall promptly return or destroy all copies of the noticed material.

14.

The parties shall return or certify the destruction of all Confidential Information received from another person or entity (including all copies, extracts, and summaries thereof, other than attorney work product) to counsel for the producing person or entity within thirty (30) calendar days after entry of final judgment or completion of any appeal.  Notwithstanding this provision, counsel of record for the parties are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product (including all emails attaching or referring to Confidential Information), and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

15.

A party's inadvertent production of material claimed to be protected by privilege, including the attorney-client privilege or work product doctrine ("Produced Privileged Information"), shall not waive any privilege claim.  The person or entity making the claim shall request in writing that the receiving party return such Produced Privileged Information by identifying the material and stating

the basis for the claim. After being notified, and absent a dispute about whether the material is entitled to protection, the receiving party must return, or destroy the Produced Privileged Information and any copies it has within five (5) business days. The receiving party must inform the producing party of any prior disclosures and must use all means reasonably available to retrieve any information previously disclosed.

16.

If there is any dispute regarding whether Produced Privileged Information is entitled to protection, counsel for the receiving party shall sequester the Produced Privileged Information and confer with counsel for the producing party in a good faith effort to resolve the dispute. If the parties are unable to resolve the dispute, counsel for the receiving party may promptly present the information to the Court under seal for a resolution of the dispute in accordance with paragraph 11(c) of the Guidelines. The parties may not use or disclose the information until the claim is resolved. The burden of proving that a claim of privilege attaches to the disputed material shall lie with the party claiming the privilege.

17.

This Order shall remain in full force and effect during and after the termination of this action, whether by settlement, judgment, or other disposition, and all appeals therefrom, until modified by an Order of this Court.

18.

Entry of this Order shall have no effect on the parties' rights in any dispute relating to material filed in this or any other action prior to entry of this Order. Nothing here precludes any person from moving the Court for protection of material beyond that provided by this Order.

SO ORDERED this ___ day of _____, 20___.

_____
REGINA D. CANNON
United States Magistrate Judge

CONSENTED AND AGREED TO:

| | |
|---|---|
| *s/ M. Travis Foust* | *s/ Michael W. Johnston* |
| A. Lee Parks, Jr. | Michael W. Johnston |
| Georgia Bar No. 563750 | Georgia Bar No. 396720 |
| lparks@pcwlawfirm.com | mjohnston@kslaw.com |
| M. Travis Foust | Rebecca Cole Moore |
| Georgia Bar No. 104996 | rmoore@kslaw.com |
| tfoust@pcwlawfirm.com | Georgia Bar No. 177309 |
| PARKS, CHESIN & WALBERT, PC | KING & SPALDING LLP |
| 75 Fourteenth Street, 26th Floor | 1180 Peachtree Street, NE |
| Atlanta, Georgia 30309 | Atlanta, Georgia 30309 |
| Telephone: (404) 873-8000 | Telephone: (404) 572-4600 |
| Facsimile: (404) 873-8050 | Facsimile: (404) 572-5100 |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAUL ZWIER, | § § | |
| Plaintiff, | § § | Civil Action File No. |
| v. | § § | 1:20-cv-03265-MHC-RDC |
| EMORY UNIVERSITY and JAMES B. HUGHES, JR., | § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

## **CONFIDENTIALITY AGREEMENT**

I hereby certify my understanding that I have received material designated as "Confidential Information" under the terms and restrictions of the **CONSENT PROTECTIVE ORDER** entered in this action, that I have been given a copy of and have read that Order, and that I submit to the jurisdiction of this Court for enforcement of the Order. I agree to use any Confidential Information disclosed to me in this action solely for purposes of this action and strictly in accordance with that Order. I will neither disclose nor discuss the contents of any such material with anyone other than a person who is a Qualified Person under this order.

Date: _____     Signed:

 

_____

Printed Name: _____

EXHIBIT A